We will proceed to the 6th case, United States v. Molina-Trujillo. Ms. Berry. May it please the court. Latoya Berry on behalf of the appellant, Reymundo Molina-Trujillo. I have submitted three arguments before the court today. And I don't mean to rain on your argument, but your argument about the violation of the separation of powers doctrine and the mandatory minimum, you know we just ruled on that I think last week in U.S. v. Sims. I do, Your Honor. So I'm assuming you're making this argument to preserve the record and the argument. Exactly, Your Honor. All right. And that was my case as well. I represent Mr. Sims. Okay. I didn't know that. So you're very familiar with that case. Very familiar. Thank you, Your Honor. All right. I actually intended on going in the reverse order and addressing the Eighth Amendment violation first. Okay. But at least we've covered that issue. Yes, Your Honor. Okay. So the first part here is that we do believe that the district court erred when it sentenced my client and with regards to specifically a violation of his constitutional right under the Eighth Amendment, which we do believe were violated. The Eighth Amendment reads in part that excessive bail shall not be required nor excessive fines imposed nor cruel and unusual punishment inflicted. I point out the first part of the Eighth Amendment, excessive bail, because one of the arguments that have repeatedly been, I guess, addressed or challenged. Right, because really the Supreme Court and our court has really addressed all the arguments that you're making now, really? Yes, Your Honor. And so you're preserving them all for review? Correct, Your Honor. Okay. Because you don't really think realistically under the law we can grant your client relief on any of these arguments? Correct. Based on the status of the law now? Not here at this level, Your Honor. Okay. But we are preparing and preserving for the Supreme Court. Okay. Shall I continue? The concerns that we have with regards to the Eighth Amendment violation are that they are disproportionately applied, the numbers do not lie, that minorities do continue to receive the front end of that, so that excessive sentences, Your Honors, we do believe still are a concern, and specifically the issue of proportionality of the sentence. And just turn your attention to my case, where my client, Mr. Raymundo Molina Trujillo, was sentenced to 324 months or 27 years, only having one criminal history point. Just on the face of it, we believe proportionality concerns are right there. You know, and by my questions, I'm not suggesting that I'm unsympathetic to some of these harsh sentences, but the bottom line is our hands are tied. Yes, Your Honor. Just preserving the issue. Section 3553 of USC does state that the least sentence, the least sentence necessary, or specifically the sentence must be a sufficient sentence but not greater than necessary to reflect the goals of the statute. And, you know, there's just a big concern on 27 years being the least sentence that addresses all those things. When my client has a very minimal criminal history, the court can see that he has just a low-level felony for creating a driver's license. This is only criminal history. And just turning the court's attention to the second part of our argument, which was the Fifth Amendment and Sixth Amendment rights to due process and right to be tried by a jury beyond a reasonable doubt on every issue that he's being sentenced on. We do want to address the issue of waiver, which is something that the government has presented in their argument on the standard of review. Again, we don't believe that we have waived anything and that the standard of review would be plain error at this point. I know that was also addressed in the Sims case. They presented that in their additional authority yesterday. And lastly, the final argument was with separation of powers. Just to highlight a specific area within that, the mandatory minimum sentence is mandatory, correct, except it can be reduced. Only it can't be reduced by the judge. It can only be reduced by the prosecutor. So we're highlighting different things that show that actually the judge doesn't have the same level of discretion as the government. The government, going by this, has a higher level of discretion. Only they can reduce it following a Rule 35 or safety valve. Even if the court disagrees with the sentence, they still have to go with that sentence and they have their hands tied. So we do believe those are concerns that should be taken up. Substantial rights and substantial liberty interests are affected by many people, including my client. With that said, we do ask that the court does remand this case for resentencing on each of these constitutional violations. Thank you, Ms. Berry. Mr. Wiseman? May it please the court. My name is Derek Wiseman and I'm here today on behalf of the United States of America. In light of Appellant's concession today that these issues are merely being preserved for Supreme Court review, the government will stand on its brief unless this court has any questions. Thank you, Mr. Wiseman. Thank you, Your Honor. Ms. Berry, thanks to you also and an extra thanks for accepting this appointment in this case. The case is taken under advisement and the court will stand in recess.